IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                      No. CR 00-412 BB

MICHAEL RENE ROSS,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**PARTIALLY GRANTING DEFENDANT'S MOTION TO SEVER**

THIS MATTER is before the Court on Defendant's motion to sever the four counts pending against him for separate trials, and the Court having considered the briefs of counsel and being otherwise duly advised, FINDS the motion should be Granted in Part.

**Discussion**

On April 5, 2000, the grand jury returned a four-count indictment against Defendant. Counts I and II charged Defendant with two different armed bank robberies of two separate First Security Banks on October 28, 1999, and November 3, 1999. Counts III and IV charged Defendant with robbing a third First Security Bank

on November 6, 1999, and a NationsBank on November 9, 1999.  In three of these robberies there was a threat of violence.  In the robberies alleged in Counts I and II, the tellers also saw a black semi-automatic pistol.  Witnesses variously described the robber as a white male in his late twenties or early thirties, 5'7" or 5'8", 135 to 160 pounds, brown hair, and clean shaven.  The November 6th robbery (Count III) was the only one in which the bank's surveillance camera produced pictures of Ross that were clear enough for him to be clearly identified as the robber.

Defendant argues that under Federal Rule of Criminal Procedure 14 he would be prejudiced by the joinder of offenses.  The Government responds that the counts were properly joined under Federal Rule of Civil Procedure 8 and that joinder is proper "where the evidence overlaps, the offenses are similar, and the operable events occurred within a relatively short span of time.  *United States v. Esch*, 832 F.2d 531 (10th Cir. 1987), *cert. denied*, 484 U.S. 908 (1988).

Ordinarily, evidence of illegal activities other than those charged is inadmissable as unduly prejudicial.  FED. R. EVID. 609.  *See also Mitchelson v. United States*, 335 U.S. 469 (1948).  This is because a jury may infer that because Defendant committed one crime he likely committed the others.  4 WAYNE R. LAFAVE, ET AL., CRIMINAL PROCEDURE § 17.1(d) citing *Drew v. United States*, 331 F.2d 85 (D.C. Cir. 1964).  *See*

*also United States v. Massa*, 740 F.2d 629 (9th Cir. 1984) (severance appropriate when jury would have difficulty compartmentalizing evidence), *cert. denied*, 471 U.S. 1115 (1985); *United States v. Quinn*, 365 F.2d 256 (7th Cir. 1966) (same).

The Government does not contest Defendant's assertion that since the robberies occurred at different banks, on different dates, "the only possible witness[es] common to all counts would be a chain of custody or custodian of evidence type witness; factual witnesses would all be different." (Deft's Mot. at 2). When the evidence of one offense would not be admissible at a separate trial for the other, the timesaving is minimal. *United States v. Foutz*, 540 F.2d 733 (4th Cir. 1976). Indeed, commentators agree that when there is no commonality of witnesses or events, the danger of prejudice outweighs the benefit of joinder:

> For example, unrelated offenses normally involve different times, separate locations, and distinct sets of witnesses and victims. As a result, separate trials would not involve substantial duplication of evidence, repeated burdens on witnesses and victims, and increased drain upon prosecutorial and judicial resources.
>
> At the same time, the joint trial of offenses creates a significant risk that the jury will convict the defendant upon the weight of the accusations or upon the accumulated effect of the evidence. The defendant can also be disadvantaged if the available defenses are inconsistent or if the defendant wants to testify as to one offense but not as to others.

LAFAVE 17.1(b) at 598 (1999) quoting 2 ABA STANDARDS FOR CRIMINAL JUSTICE § 13-2.1.  *See also* CHARLES ALAN WRIGHT, 1A FED. PRAC & PROC. § 143; Comment, *Joint and Single Trials Under Rules 8 and 14 of the Federal Rules of Criminal Procedure*, 74 Yale L. J. 553, 560 (1965); Note, *Harmless Error and Misjoinder Under the Federal Rules of Criminal Procedure:  A Narrowing Division of Opinion*, 6 Hofstra L. Rev. 533, 537-38 (1978).

The Government argues that the jury can be instructed that "[e]ach count and the evidence pertaining to it should be considered separately," quoting Fifth Circuit Pattern Jury Instruction 1.21.  While it is true, as the Government contends, that juries are generally presumed to follow instructions, it is frequently the better practice to exclude prejudicial evidence rather than rely on a subsequent cautionary instruction. *United States v. Davis*, 487 F.2d 112, 120 (5th Cir. 1973), *cert. denied*, 415 U.S. 961 1974).

The Government implies that where the *modus operandi* of Defendant is itself identifying evidence of such a pattern that it is unique, several incidents may be presented in one trial, citing *United States v. Acker*, 52 F.3d 509 (4th Cir. 1995).  The Court agrees, but finds the facts of *Acker* to be easily distinguishable.  In *Acker*, the bank robber wore the same disguise:  a wig, dark glasses, and a straw hat.  Here, there is little

that connects the robberies: There is no showing of identical disguises; he threatened violence in three robberies but not the fourth; and there is no showing the language or even the substance of the threats was identical. Nor is the threat of violence unusual in such a crime. The description of the robber in the four robberies is also fairly generic and would apply to a significant portion of the population. The use of a black semi-automatic pistol in two of the robberies is, however, a sufficient link. *See United States v. Smith*, 103 F.3d 600, 603 (7th Cir. 1996); *United States v. Quinn*, 18 F.3d 1461 (9th Cir.), *cert. denied*, 512 U.S. 1242 (1994); *United States v. McQuiston*, 998 F.2d 627 (8th Cir. 1993). *Cf. United States v. Patterson*, 20 F.3d 809, 813 (10th Cir.) (prior hijacking admissible where similar airplanes involved and distinctively dressed hijacker used a gun), *cert. denied*, 513 U.S. 841 (1994). With proper instructions to the jury, Counts I and II may therefore be tried together.

## **O R D E R**

Defendant's motion is **DENIED** as to Counts I and II and **GRANTED** as to Counts III and IV, which will be scheduled for separate trials.

Dated at Albuquerque this 19th day of September, 2000.

      **BRUCE D. BLACK**
      United States District Judge

Counsel for Plaintiff:

    Tara C. Neda, Assistant U.S. Attorney, Albuquerque, NM

Counsel for Defendant:

    Kari Converse, Albuquerque, NM